UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------X
ANTONIO WILLIAMS,

                Plaintiff,                    **COMPLAINT**

          -against-                   Trial by Jury Demanded

THE CITY OF NEW YORK,
NYPD OFFICER DANIEL WARD,
NYPD OFFICER JOHN DOE and
NYPD SERGEANT DONALD KIPP,

                Defendants.
------------------------------X

        Plaintiff, by his attorneys Sivin & Miller, LLP, complaining of defendants, alleges as follows, upon information and belief:

### THE PARTIES, JURISDICTION and VENUE

        1. That at all times herein mentioned, plaintiff was and is a United States citizen.

        2. That this Court has jurisdiction over this action in that some of the causes of action herein arise under 42 U.S.C. § 1983.

        3. That venue is proper in the Eastern District of New York pursuant to 28 U.S.C. § 1391(a) in that the events giving rise to this action occurred in this district.

        4. That at all times herein mentioned, defendant The City of New York (hereinafter "the City") was and is a municipal corporation, organized and existing under and by virtue of the laws of the State of New York.

        5. That prior to the institution of this action and within ninety (90) days from the date when the state-law cause of action accrued herein, a notice of claim and intention to sue was duly served upon and filed with the defendants on behalf of plaintiff; that this action was not commenced until the expiration of thirty (30) days after such notice

of claim and intention to sue was presented and the defendants have neglected and/or refused to make adjustment or payment thereon, and this action is being commenced within one year and ninety days after the state-law cause of action accrued herein.

6. That at all times herein mentioned, the City operated, controlled, and maintained a police force known as the New York Police Department (hereinafter "the NYPD").

7. That at all times herein mentioned, defendant NYPD Officer Daniel Ward (hereinafter "Ward") was and is employed as a police officer with the NYPD.

8. That at all times herein mentioned, Ward was acting within the course and scope of his employment with the NYPD.

9. That at all times herein mentioned, Ward was acting under color of state law.

10. That at all times herein mentioned, defendant NYPD Officer John Doe (hereinafter "Doe"), a fictitious name intended to represent an NYPD Officer whose identity is unknown to plaintiff and who, with Ward, participated in the forcible seizure, arrest, and prosecution of plaintiff, was and is employed as a police officer with the NYPD.

11. That at all times herein mentioned, Doe was acting within the course and scope of his employment with the NYPD.

12. That at all times herein mentioned, Doe was acting under color of state law.

13. That at all times herein mentioned, defendant NYPD Sergeant Donald Kipp (hereinafter "Kipp"), was and is employed as a police sergeant with the NYPD.

14. That at all times herein mentioned, Kipp was acting within the course and scope of his employment with the NYPD.

15. That at all times herein mentioned, Kipp was acting under color of state law.

16. That all of the causes of action pleaded herein fall within one or more of the exceptions set forth in New York's Civil Practice Law & Rules § 1602 with respect to joint and several liability.

## FACTS

17. Plaintiff repeats and realleges each and every allegation contained above as though fully set forth at length herein.

18. On January 17, 2014, plaintiff was operating a motor vehicle on a public roadway in the County of Queens, City and State of New York.

19. While he was operating the motor vehicle, plaintiff was directed by Ward and Doe to pull his vehicle over, and plaintiff complied with that directive.

20. After he pulled the vehicle over, plaintiff was directed by Ward to exit the vehicle.

21. Plaintiff then questioned Ward as to why he had to exit the vehicle, and Ward responded by opening the driver's door and forcibly removing plaintiff from the vehicle.

22. Plaintiff was advised by Ward that he was pulled over because he failed to apply the vehicle's turn signal before making a turn.

23. Ward's statement to plaintiff that he failed to apply the vehicle's turn signal was false, as plaintiff had not failed to apply the turn signal.

24. Ward knew at the time he made the statement that plaintiff had not in fact failed to apply the turn signal.

25. Ward's claim that plaintiff failed to apply the turn signal was a mere pretext to justify Ward's and Doe's directive to plaintiff that he pull the vehicle over.

26. At the time he was directed to pull the vehicle over, plaintiff had not violated any laws or traffic regulations, and defendants knew that plaintiff had not violated any laws or traffic regulations.

27. After plaintiff was forcibly removed from his vehicle, Ward placed plaintiff tightly in handcuffs and physically detained and imprisoned plaintiff outside the vehicle and then inside a police vehicle.

28. While Ward physically detained and imprisoned plaintiff, Doe searched through the vehicle that plaintiff had been operating.

29. Doe's search of the vehicle was undertaken without a warrant, without plaintiff's consent, without probable cause or reasonable suspicion to believe that plaintiff had committed or was about to commit a crime or violation, and without any legitimate concern for the officers' safety or for the preservation of evidence.

30. After Doe conducted an extensive search of the vehicle, Doe and Ward purported to have recovered a "gravity knife" from inside the vehicle.

31. In fact, neither Doe nor Ward recovered a "gravity knife" from plaintiff's vehicle, and neither officer recovered any illegal knife or any other contraband from the vehicle.

32. Nevertheless, after purporting to recover a "gravity knife" from the vehicle, Doe physically seized and drove off with the vehicle, and Ward forcibly transported plaintiff to the 103rd Police Precinct.

33. After being imprisoned at the 103rd Precinct for several hours, plaintiff was forcibly transferred to Central Booking, where he remained imprisoned in excess of twelve hours.

34. While he was in Ward's custody, plaintiff repeatedly complained to Ward that the handcuffs were too tight and were causing him pain, and he repeatedly requested that Ward loosen or adjust the handcuffs; Ward ignored all of plaintiff's complaints and requests and failed and refused to loosen or adjust the handcuffs.

35. As a result of the overly tight handcuffs, plaintiff was caused to suffer unnecessary pain and discomfort.

36. On or about January 17, 2014, Ward and Doe also initiated and/or caused to be initiated against plaintiff a criminal prosecution, charging plaintiff with criminal possession of a weapon in the fourth degree and a violation of New York's Vehicle & Traffic Law.

37. In support of the criminal prosecution, Ward and Doe knowingly made false accusations against plaintiff, accusing plaintiff of possession of a gravity knife and of making a turn in a motor vehicle without applying the turn signal.

38. Plaintiff was not in possession of a gravity knife or any other contraband, and he had not failed to apply the turn signal.

39. Neither Ward nor Doe had probable cause to initiate the criminal prosecution against plaintiff.

40. The aforementioned actions by Ward and Doe were intentional and malicious in nature.

41. As a result of the unfounded and malicious prosecution, plaintiff was required to make over a dozen court appearances to defend against the baseless charges and was restricted in his travel and liberty.

42. On October 7, 2015, nearly two years after the initiation of the prosecution, all charges against plaintiff were dismissed and the criminal proceeding terminated favorably to plaintiff.

43. At all times herein mentioned, Kipp was Ward's and Doe's supervisor, and he approved, sanctioned, and condoned the actions of Ward and Doe and the arrest and prosecution of plaintiff.

44. That each of the named defendants observed and/or knew of the improper and unconstitutional conduct of their fellow officers, had a reasonable opportunity to intervene to prevent and/or stop that conduct, but failed and refused to do so.

45. As a result of the aforementioned conduct by defendants herein, plaintiff sustained physical and psychological injuries, endured and continues to endure pain and suffering and loss of enjoyment of life, was deprived of his liberty and suffered humiliation, damage to reputation, loss of income, loss of his business, lost earnings potential, and other economic loss.

**FIRST CAUSE OF ACTION AGAINST WARD and DOE**
(42 U.S.C. § 1983: Illegal Search and Seizure)

46. Plaintiff repeats and realleges each and every allegation set forth above as though fully set forth at length herein.

47. That the aforesaid actions by Ward and Doe in unlawfully pulling plaintiff over, forcibly removing plaintiff from the vehicle and handcuffing him, conducting a warrantless search of the vehicle, driving the vehicle from the scene without

plaintiff's consent, and/or in allowing their fellow officer to engage in the aforesaid conduct, constituted illegal and unreasonable searches and seizures of plaintiff in violation of the proscription against unreasonable searches and seizures contained in the Fourth Amendment to the United States Constitution, and entitle plaintiff to recover monetary damages under 42 U.S.C. § 1983.

### SECOND CAUSE OF ACTION AGAINST WARD and DOE
(42 U.S.C. § 1983:  Excessive Force)

48. Plaintiff repeats and realleges each and every allegation set forth above as though fully set forth at length herein.

49. That the aforesaid actions by Ward and Doe in forcibly removing plaintiff from the vehicle, handcuffing plaintiff, and ignoring plaintiff's requests to loosen or adjust handcuffs that had been applied too tightly, and/or in allowing their fellow officer to engage in the aforesaid conduct constituted a use of excessive force against plaintiff in violation of the proscription against unreasonable seizures contained in the Fourth Amendment to the United States Constitution, and entitle plaintiff to recover monetary damages under 42 U.S.C. § 1983.

### THIRD CAUSE OF ACTION AGAINST WARD, DOE and KIPP
(42 U.S.C. § 1983:  False Arrest/Imprisonment)

50. Plaintiff repeats and realleges each and every allegation set forth above as though fully set forth at length herein.

51. That the aforesaid actions by Ward, Doe, and Kipp in forcibly detaining, arresting, and imprisoning plaintiff without a warrant and without probable cause or other legal justification, and/or in allowing their fellow officers to engage in the aforesaid conduct constituted a false arrest and false imprisonment of plaintiff in violation of the proscription against unreasonable seizures contained in the Fourth Amendment to

the United States Constitution, and entitle plaintiff to recover monetary damages under 42 U.S.C. § 1983.

**FOURTH CAUSE OF ACTION AGAINST ALL DEFENDANTS**
(Malicious Prosecution Under NY State Law)

52. Plaintiff repeats and realleges each and every allegation set forth above as though fully set forth at length herein.

53. That the aforesaid actions by Ward, Doe, and Kipp in initiating and/or causing to be initiated the prosecution of plaintiff, and/or in allowing their fellow officers to engage in the aforesaid conduct, constituted a malicious prosecution of plaintiff, for which Ward, Doe, and Kipp are liable under New York State law and for which the City is vicariously liable under the doctrine of respondeat superior.

**FIFTH CAUSE OF ACTION AGAINST WARD, DOE and KIPP**
(42 U.S.C. § 1983: Malicious Prosecution)

54. Plaintiff repeats and realleges each and every allegation set forth above as though fully set forth at length herein.

55. That the aforesaid actions by Ward, Doe, and Kipp in initiating and/or causing to be initiated the prosecution of plaintiff, and/or in allowing their fellow officers to engage in the aforesaid conduct, constituted a malicious prosecution of plaintiff in violation of the proscription against unreasonable seizures contained in the Fourth Amendment to the United States Constitution, and entitle plaintiff to recover monetary damages under 42 U.S.C. § 1983.

WHEREFORE, plaintiff demands judgment in the form of compensatory damages against defendants, and each of them, on all of the aforementioned causes of action, each in the amount of Two Million ($2,000,000.00) Dollars, together with punitive damages against Ward, Doe, and Kipp, each in the amount of Two Hundred Fifty

Thousand ($250,000.00) Dollars, and plaintiff demands attorneys' fees against Ward, Doe, and Kipp pursuant to 42 U.S.C. § 1988, and plaintiff demands the costs and disbursements of this action.

Dated: New York, New York
August 17, 2016

Yours, etc.,
SIVIN & MILLER, LLP

By_____
Edward Sivin
Attorneys for Plaintiff
20 Vesey Street, Suite 1400
New York, NY  10007
(212) 349-0300

Case No.

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

ANTONIO WILLIAMS,

        Plaintiff,

  -against-

THE CITY OF NEW YORK, et. al.,

        Defendants.

## COMPLAINT

**SIVIN & MILLER, LLP**
Attorneys for Plaintiff
20 Vesey Street, Suite 1400
New York, NY 10007
(212) 349-0300
FAX (212) 406-9462