16 Civ. 4615 (ENV) (SMG)

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

ANTONIO WILLIAMS,

                          Plaintiff,

- against -

THE CITY OF NEW YORK, OFFICER DANIEL WARD, DETECTIVE DANIEL GUKELBERGER, and SERGEANT DONALD KIPP,

                          Defendants.

**MEMORANDUM OF LAW IN SUPPORT OF
MOTION FOR PARTIAL SUMMARY JUDGMENT**

*ZACHARY W. CARTER*
*Corporation Counsel of the City of New York*
*Attorney for Defendants*
*100 Church Street*
*New York, N.Y. 10007*

*Of Counsel: Nicholas Manningham*
*Tel: (212) 356-2617*
*Matter No. 2016-036713*

## TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ................................................................................................ iii

PRELIMINARY STATEMENT .......................................................................................... 1

STATEMENT OF RELVANT FACTS AND PROCEDURAL HISTORY ......................... 1

    A. Statement of Facts........................................................................................... 1

    B. Procedural History ......................................................................................... 3

STANDARD OF REVIEW .................................................................................................. 4

ARGUMENT

    POINT I

        PLAINTIFF'S ILLEGAL SEARCH AND SEIZURE, EXCESSIVE FORCE, AND FALSE ARREST CLAIMS AGAINST DETECTIVE GUKELBERGER ARE BARRED BY THE STATUTE OF LIMITATIONS .................................................... 5

        A. All of Plaintiff's Claims Against Detective Gukelberger, Except for Malicious Prosecution, Are Barred by the Statute of Limitations............................................. 5

        B. Plaintiff's Illegal Search and Seizure, Excessive Force, and False Arrest Claims against Detective Gukelberger do not Relate Back to the Complaint ............................ 7

    POINT II

        PLAINTIFF'S FALSE ARREST CLAIM AGAINST OFFICER WARD IS LIMITED TO THE TIME BEFORE DETECTIVE GUKELBERGER FOUND THE GRAVITY KNIFE.............................................................................................................. 9

    POINT III

        PLAINTIFF'S ILLEGAL SEARCH AND SEIZURE CLAIM FAILS AS A MATTER OF LAW ................................................................................................................. 11

**Page**

POINT IV

    PLAINTIFF'S EXCESSIVE FORCE CLAIM FAILS AS A MATTER OF LAW ............................................................... 12

CONCLUSION ............................................................................................................. 14

## TABLE OF AUTHORITIES

**Cases**                                                                  **Pages**

Allen v. Coughlin,
   64 F.3d 77 (2d Cir. 1995)..................................................................................4

Anthony v. City of New York,
   339 F.3d 129 (2d Cir. 2003)............................................................................10

Barrow v. Wethersfield Police Dept.,
   66 F.3d 466 (2d Cir. 1995)................................................................................7

Brewton v. City of New York,
   550 F.Supp. 2d 355 (E.D.N.Y. 2008) ...............................................................9

Cabral v. City of New York,
   662 F. App'x 11 (2d Cir. 2016) ......................................................................11

Chimel v. California,
   395 U.S. 752 (1969).........................................................................................11

Drummond v. Castro,
   522 F. Supp. 2d 667 (S.D.N.Y. 2007)..............................................................13

Escalera v. Lunn,
   361 F.3d 737 (2d Cir. 2004)..............................................................................9

Esmont v. City of New York,
   371 F. Supp.2d 202 (E.D.N.Y. 2005) .............................................................13

First National Bank of Arizona v. Cities Service Co.,
   391 U.S. 253 (1968)..........................................................................................4

Goenaga v. March of Dimes Birth Defects Found,
   51 F.3d 14 (2d Cir. 1996)..................................................................................4

Golino v. City of New Haven,
   950 F.2d 864 (2d Cir. 1991)..............................................................................9

Graham v. Connor,
   490 U.S. 386 (1989).........................................................................................12

Griffith v. Yas Sadri,
   No. CV-07-4824 (BMC) (LB), 2009 U.S. Dist. LEXIS 72531
   (E.D.N.Y. Aug. 14, 2009).................................................................................6

Hogan v. Fischer,
   738 F.3d 509 (2d Cir. N.Y. 2013).................................................................7, 8

**Cases**     **Pages**

Jackson v. City of New York,
 29 F. Supp. 3d 161 (E.D.N.Y. 2014) .................................................................. 12

Jeffreys v. Rossi,
 275 F. Supp. 2d 463 (S.D.N.Y. 2003),
 aff'd, 426 F.3d 549 (2d Cir. 2005) ....................................................................... 4

John v. Lewis,
 No. 15-CV-5346 (PKC), 2017 U.S. Dist. LEXIS 49546
 (E.D.N.Y. Mar. 31, 2017) .................................................................................. 11

Johnson v. Glick,
 481 F.2d 1028 (2d Cir. 1973) ............................................................................. 12

Mallard v. Potenza,
 No. 94-CV-223 (CBA), 2007 U.S. Dist. LEXIS 86336
 (E.D.N.Y. Nov. 21, 2007) .................................................................................... 6

Matsushita Electric Indus. Co. v. Zenith Radio Corp.,
 475 U.S. 574 (1986) ............................................................................................. 4

Maxwell v. City of New York,
 380 F.3d 106 (2d Cir. 2004) ............................................................................... 12

Moran v. County of Suffolk,
 11 Civ. 3704 (PKC) (GRB), 2015 U.S. Dist. LEXIS 37010
 (E.D.N.Y. Mar. 24, 2015) .................................................................................... 8

Ormiston v. Nelson,
 117 F.3d 69 (2d Cir. 1997) ................................................................................... 5

Owens v. Okure,
 488 U.S. 235 (1989) ............................................................................................. 5

Pearl v. City of Long Beach,
 296 F.3d 76 (2d Cir. 2002) ................................................................................... 5

Romano v. Howarth,
 998 F.2d 101 (2d Cir. 1993) ............................................................................... 12

Scott v. Harris,
 550 U.S. 372 (2007) ....................................................................................... 4, 12

Scotto v. Almenas,
 143 F.3d 105 (2d Cir. 1998) ................................................................................. 5

**Cases**                                                                                                      **Pages**

Singleton v. City of New York,
    632 F.2d 185 (2d Cir. 1980),
    cert. denied, 450 U.S. 920 (1981) ...............................................................................5

Stefanopoulos v. City of New York,
    01-CV-0771 (SJ), 2005 U.S. Dist. LEXIS 22445 (E.D.N.Y. Mar. 2, 2005) ..........................13

Townes v. City of New York,
    176 F.3d 138 (2d Cir. 1999)...........................................................................................11

United States v. Diebold, Inc.,
    369 U.S. 654 (1962).........................................................................................................4

Wallace v. Kato,
    549 U.S. 384 (2007).........................................................................................................6

Wilder v. Village of Amityville,
    288 F. Supp. 2d 341 (E.D.N.Y. 2003) ...........................................................................13

**Statutes**

42 U.S.C. § 1983..............................................................................................................1, 3, 5, 11

CPLR § 1024...............................................................................................................................8

Fed. R. Civ. P. 15(c) ................................................................................................................7, 8

Fed. R. Civ. P. 15(c)(1)(c) ...........................................................................................................7

Fed. R. Civ. P. 26(a) ................................................................................................................3, 9

Fed. R. Civ. P. 56(c) ....................................................................................................................4

Local Civil Rule 56.1 ...................................................................................................................1

New York Criminal Procedure Law § 30.30 ................................................................................2

NY Vehicle & Traffic Law § 1163-C ..........................................................................................2

N.Y.C.P.L.R. § 214 (2009) ..........................................................................................................5

## PRELIMINARY STATEMENT

Plaintiff has agreed to discontinue all claims against Sergeant Donald Kipp. The remaining defendants now ask the Court to dismiss: (1) plaintiff's § 1983 search and seizure claim in its entirety because it is duplicative of the false arrest claim; (2) plaintiff's § 1983 excessive force claim based on tight handcuffing because plaintiff did not sustain any injuries; (3) plaintiff's § 1983 false arrest claim against Detective Gukelberger as time-barred; and (4) plaintiff's § 1983 false arrest claim against Officer Ward for anything that occurred after the gravity knife was discovered should be dismissed because Ward is entitled to qualified immunity for relying on a fellow officer.. If the motion is granted, the only remaining claims would then be plaintiff's limited false arrest claim against Officer Ward and plaintiff's federal and state law malicious prosecution claims Officer Ward, and Detective Gukelberger (and the City via *respondeat* liability).

## STATEMENT OF RELVANT FACTS AND PROCEDURAL HISTORY

**A.  Statement of Facts[1]**

On January 17, 2017, at approximately 3:45 a.m., Officer Ward was driving an unmarked police vehicle when he observed plaintiff's van. See Rule 56.1 Statement of Material facts ("SMF") at ¶ 3. Officer Ward turned on the car's police lights and pulled plaintiff over. Id. Officer Ward approached the van's driver's side while his partner, Detective Gukelberger, approached the passenger's side. Id. at ¶¶ 4, 6. Plaintiff gave Officer Ward his identification and Officer Ward opened plaintiff's door, grabbed him by his left arm, and brought him outside

---

[1] The facts set forth herein are either undisputed or taken in the light most favorable to plaintiff, for the purposes of this motion only. For a more complete recitation of the facts, defendants respectfully refer the Court to Defendants' Statement of Undisputed Facts Pursuant to Local Civil Rule 56.1 ("Defs. 56.1 Stmt.").

the van. Id. at ¶¶ 7-8. Officer Ward handcuffed plaintiff and conducted a search of his body, recovering his wallet and keys. Id. at ¶ 10.

Officer Ward escorted plaintiff to the back of the van while Detective Gukelberger began searching plaintiff's van. Id. at ¶¶ 11-12. Officer Ward did not leave plaintiff's side while Detective Gukelberger searched the van. Id. at ¶ 14 Based on where plaintiff and Officer Ward were standing in the back of the van, they could not see inside the van or what Detective Gukelberger was doing. Id. at ¶ 13. Detective Gukelberger briefly came to the back of the van before returning to the front to continue searching. Id. at ¶ 15.

Officer Ward then took plaintiff to the police car. Id. at ¶ 16. After placing plaintiff in the back, Officer Ward got in the front driver's seat. Id. at ¶ 17. Detective Gukelberger came back with a knife and gave it to Officer Ward. Id. at ¶¶ 18-19. The knife was a gravity knife that plaintiff had never seen before. Id. at ¶¶ 20-21. Officer Ward told plaintiff "you have a gravity knife." Id. at ¶ 22. Then, Officer Ward transported plaintiff to the 103rd precinct while Detective Gukelberger transported plaintiff's van to the precinct. Id. at ¶¶ 23, 25. At the precinct, plaintiff was placed in a cell and the handcuffs were taken off. Id. at ¶¶ 26-27. Plaintiff had the handcuffs on for approximately twenty minutes in total and did not suffer any injuries as a result of the handcuffs. Id. at ¶¶ 28-29.

Officer Ward signed the criminal court complaint charging plaintiff with criminal possession of a weapon in the fourth degree and violating NY Vehicle & Traffic Law § 1163-C. Id. at ¶ 31. Plaintiff was arraigned and released on his own recognizance at 7:20 p.m. on January 17, 2014. Id. at ¶ 32. On October 7, 2015, the charges against plaintiff were dropped pursuant to New York Criminal Procedure Law § 30.30. Id. at ¶ 33.

**B.     Procedural History**

Plaintiff initiated this lawsuit by filing his Complaint on September 6, 2016, asserting claims against the City of New York, Officer Ward, and Officer John Doe. Id. at ¶ 34. The defendants answered the Complaint on December 5, 2016, and an initial pretrial conference was scheduled for January 6, 2017. Id. at ¶¶ 35-36. On December 29, 2016, defense counsel called plaintiff's counsel to ask if plaintiff would consent to an adjournment of the initial conference, explaining that defense counsel was scheduled to begin trial on January 9, 2017 and had to attend to final pretrial matters on January 6, 2017. Id. at ¶¶ 37-38. Plaintiff's counsel agreed to the adjournment, and during the same phone call, asked if defendants could produce their Rule 26(a) disclosures by the date of the original initial conference. Id. at ¶ 38. Plaintiff's counsel did not request the names of any officers involved in the arrest during that telephone conversation. Id.  The Court granted the adjournment request and rescheduled the initial conference for January 30, 2017. Id. at ¶ 39. Defendants sent their Rule 26(a) disclosures on January 26, 2017. Id. at ¶ 40. In defendants' Rule 26(a) disclosures, they identified Detective Daniel Gukelberger. At no point did plaintiff's counsel make any demand, formal or informal, for the name of the John Doe defendant or raise any statute of limitations issue with defense counsel. Id. at ¶ 41.

Plaintiff filed his amended complaint on January 30, 2017, replacing John Doe with Detective Daniel Gukelberger. Id. at ¶ 42. On April 10, 2017, an Answer to the Amended Complaint was filed on behalf of the City, Officer Ward, and Sergeant Kipp; and on April 27, 2017, an Answer to the Amended Complaint was filed on behalf of Det. Gukelberger. Id. at ¶ 43. In the Amended Complaint, plaintiff brings claims against Officer Ward and Detective Gukelberger under 42 U.S.C. § 1983 for illegal search and seizure, excessive force, false arrest, and malicious prosecution, as well as state law common law claims against Ward, Gukelberger,

and the City, pursuant to *respondeat superior*, for malicious prosecution. See Amended Complaint.

## STANDARD OF REVIEW

Summary judgment "should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). In considering a summary judgment motion, the Court must "view the evidence in the light most favorable to the non-moving party and draw all reasonable inferences in its favor, and may grant summary judgment only when no reasonable trier of fact could find in favor of the nonmoving party." Allen v. Coughlin, 64 F.3d 77, 79 (2d Cir. 1995) (internal citation and quotations omitted); accord Matsushita Electric Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986). When there are competing versions of events, "courts are required to view the facts and draw reasonable inferences 'in the light most favorable to the party opposing the [summary judgment] motion.' In qualified immunity cases, this usually means adopting . . . the plaintiff's version of the facts." Scott v. Harris, 550 U.S. 372, 378 (2007) (quoting United States v. Diebold, Inc., 369 U.S. 654, 655 (1962).

Once the moving party has carried its burden, the nonmoving party "must raise a genuine issue of material fact" that requires a trial. Jeffreys v. Rossi, 275 F. Supp. 2d 463, 473 (S.D.N.Y. 2003), aff'd, 426 F.3d 549 (2d Cir. 2005); see also Fed. R. Civ. P. 56(c). The nonmoving party may not defeat a motion for summary judgment by relying on unsupported assertions, conjecture, or surmise. See Goenaga v. March of Dimes Birth Defects Found, 51 F.3d 14, 18 (2d Cir. 1996). Rather, the nonmoving party "must produce admissible evidence that supports her pleadings." Jeffreys, 275 F. Supp. at 473-74 (citing First National Bank of Arizona v. Cities Service Co., 391 U.S. 253, 289-90 (1968)). If the evidence produced "is

merely colorable, or is not significantly probative, summary judgment may be granted." Scotto v. Almenas, 143 F.3d 105, 114 (2d Cir. 1998) (internal quotations and citations omitted).

## ARGUMENT

### POINT I

### PLAINTIFF'S ILLEGAL SEARCH AND SEIZURE, EXCESSIVE FORCE, AND FALSE ARREST CLAIMS AGAINST DETECTIVE GUKELBERGER ARE BARRED BY THE STATUTE OF LIMITATIONS

By the time plaintiff filed his Amended Complaint to add Detective Gukelberger, the statute of limitations for his illegal search and seizure, excessive force, and false arrest claims had already expired. Because plaintiff did not exercise due diligence in naming Detective Gukelberger before the statute of limitations expired, these claims do not relate back to the original complaint and must be dismissed as untimely.

**A.    All of Plaintiff's Claims Against Detective Gukelberger, Except for Malicious Prosecution, Are Barred by the Statute of Limitations**

For section 1983 actions, "the applicable limitations period is found in the 'general or residual [state] statute [of limitations] for personal injury actions.'" Ormiston v. Nelson, 117 F.3d 69, 71 (2d Cir. 1997) (quoting Owens v. Okure, 488 U.S. 235, 249-50 (1989)) (alterations in original). New York State has a three year statute of limitations governing general personal injury actions. See N.Y. C.P.L.R. § 214 (2009). Therefore, the statute of limitations for claims brought under section 1983 in New York is three years. Pearl v. City of Long Beach, 296 F.3d 76, 79 (2d Cir. 2002).

A section 1983 claim accrues at the time the plaintiff knows or has reason to know of the injury which is the basis of his action. Singleton v. City of New York, 632 F.2d 185, 191 (2d Cir. 1980), cert. denied, 450 U.S. 920 (1981). In the context of illegal search and

seizures claims, the claim "accrues when the property is taken . . . because that is when then plaintiff's rights have been intruded upon and the time at which he has a complete and present cause of action." Mallard v. Potenza, No. 94-CV-223 (CBA), 2007 U.S. Dist. LEXIS 86336, at *16 (E.D.N.Y. Nov. 21, 2007) (collecting cases). In the context of excessive force claims, the "claim accrues at the time of the use of force." Griffith v. Yas Sadri, No. CV-07-4824 (BMC) (LB), 2009 U.S. Dist. LEXIS 72531, at *7 (E.D.N.Y. Aug. 14, 2009). In the context of false arrest/false imprisonment claims, the claim accrues when the alleged false arrest ends. Wallace v. Kato, 549 U.S. 384, 389 (2007). The false arrest ends when the plaintiff "becomes held pursuant to such process—when, for example, he is bound over by a magistrate or arraigned on charges." Id.

Here, plaintiff's illegal search and seizure, excessive force, and false arrest claims all accrued on January 17, 2014. On that day, plaintiff was pulled over, handcuffed, searched, arrested, and arraigned on charges. SMF at ¶¶ 1-32. Therefore, plaintiff's illegal search and seizure, excessive force, and false arrest claims all accrued on January 17, 2014 and expired on January 17, 2017. Plaintiff, however, did not add Detective Gukelberger until January 30, 2017, thirteen days after the statute of limitations expired on these claims.

While the original complaint was filed before the statute of limitations expired, Detective Gukelberger was not named in that complaint. Id. at ¶ 34. It was not until plaintiff filed the Amended Complaint on January 30, 2017—after the three year period expired—that plaintiff named Detective Gukelberger in place of the John Doe defendant. Id. at ¶ 42. Therefore, in order for plaintiff's illegal search and seizure, excessive force, and false arrest claims to be timely against Detective Gukelberger, these claims against him would have to relate-back to the original complaint. They do not.

**B.     Plaintiff's Illegal Search and Seizure, Excessive Force, and False Arrest Claims against Detective Gukelberger do not Relate Back to the Complaint**

"Rule 15(c)(1)(c) provides the federal standard for relation back." Hogan v. Fischer, 738 F.3d 509, 517 (2d Cir. N.Y. 2013). For a claim against a John Doe defendant to relate back under Rule 15(c)(1)(c), the following requirements must be met:

> 1) the claim must have arisen out of conduct set out in the original pleading; (2) the party to be brought in must have received such notice that it will not be prejudiced in maintaining its defense; (3) that party should have known that, but for a mistake of identity, the original action would have been brought against it; and . . . [4] the second and third criteria are fulfilled within 120 days of the filing of the original complaint, and . . . the original complaint [was] filed within the limitations period.

Id. (alteration in original) (quoting Barrow v. Wethersfield Police Dept., 66 F.3d 466, 468-69 (2d Cir. 1995)).

However, "Rule 15(c) does not allow an amended complaint adding new defendants to relate back if the newly-added defendants were not named originally because the plaintiff did not know their identities." Barrow v. Wethersfield Police Dep't, 66 F.3d 466, 470 (2d Cir. 1995). Rather, "Rule 15(c) [] allows the relation back of an amendment due to a 'mistake' concerning the identity of parties (under certain circumstances), but the failure to identify individual defendants when the plaintiff knows that such defendants must be named cannot be characterized as a mistake." Id. at 470. The Second Circuit has made clear that "lack of knowledge of a John Doe defendant's name does not constitute a 'mistake of identity.'" Hogan, 738 F.3d at 518 (quoting Barrow, 66 F.3d at 470).

Here, plaintiff was not mistaken in the identity of the John Doe officer, he simply failed to name him. This does not constitute a "mistake" under federal law. Thus, under Rule 15(c)(1)(c), plaintiff's claims against Detective Gukelberger for illegal search and seizure, excessive force, and false arrest are time-barred.

7

Further, even under the more forgiving standard under New York state law, the amended complaint does not relate back to the original complaint. Courts in this district have noted that they should not only consider relation back under Rule 15(c), but also "must examine the 'controlling body of limitations law,' and apply state law if it provides 'a more forgiving principle of relation back than the one provided.'" Moran v. County of Suffolk, 11 Civ. 3704 (PKC) (GRB), 2015 U.S. Dist. LEXIS 37010, at *16-17 (E.D.N.Y. Mar. 24, 2015) (citations omitted). The Second Circuit held that "CPLR 1024 is more forgiving in relating back complaints compared to the federal standard under Rule 15(c)." Id. at *19 (citing to Hogan, 738 F.3d at 518).

In New York, for an amendment to relate back to the original complaint under CPLR § 1024, the plaintiff must show that: "(1) the plaintiff exercised due diligence, prior to the running of the statute of limitations, to identify the defendant by name, and (2) the plaintiff describe[d] the John Doe party in such form as will fairly apprise the party that he is the intended defendant." Moran, 2015 U.S. Dist. LEXIS 37010, at *19 (citing Hogan, 738 F.3d at 519) (internal quotation marks omitted). The Moran Court further explained that due diligence means that plaintiff must "show that he . . . made timely efforts to identify the correct party before the statute of limitations expired." Id. at *20 (internal quotation marks and citation omitted). The Moran Court further explained that due diligence means that plaintiff must "show that he . . . made timely efforts to identify the correct party before the statute of limitations expired." Id. at *20 (internal quotation marks and citation omitted).

Here, even applying the more forgiving state law standard, plaintiff cannot show that he exercised due diligence in identifying the John Doe defendant before the statute of limitations expired. Plaintiff took no steps to identify the John Doe defendant before the statute

8

of limitations expired. Plaintiff did not make any sort of demand for the identity of the John Doe defendant. While plaintiff's counsel asked for defendants' Rule 26(a) disclosures by the date of the original initial conference, he did not ask for the identity of the John Doe defendant or bring up any statute of limitations issue. SMF at ¶ 38. Therefore, plaintiff cannot be said to have exercised due diligence in identifying the John Doe defendant before the statute of limitations period expired and his illegal search and seizure, excessive force, and false arrest claims against Detective Gukelberger must be dismissed as time-barred.

## POINT II

### PLAINTIFF'S FALSE ARREST CLAIM AGAINST OFFICER WARD IS LIMITED TO THE TIME BEFORE DETECTIVE GUKELBERGER FOUND THE GRAVITY KNIFE

Because plaintiff's false arrest claim against Detective Gukelberger is barred by the statute of limitations, his only remaining false arrest claim is against Officer Ward. This claim, however, should be limited to the time before Detective Gukelberger gave Officer Ward the gravity knife. From that point on, Officer Ward had arguable probable cause to arrest and is entitled to qualified immunity.

Qualified immunity shields officers from liability, even in the absence of probable cause, if the officer can establish that there was "arguable probable cause" for the arrest. Escalera v. Lunn, 361 F.3d 737, 743 (2d Cir. 2004). "Arguable probable cause exists 'if either (a) it was objectively reasonable for the officer to believe that probable cause existed, or (b) officers of reasonable competence could disagree on whether the probable cause test was met.'" Id. (quoting Golino v. City of New Haven, 950 F.2d 864, 870 (2d Cir. 1991)). "As with the probable cause inquiry, the Court's focus is on the facts known to the officer at the time of the arrest." Brewton v. City of New York, 550 F.Supp. 2d 355, 367 (E.D.N.Y. 2008). Moreover, a

9

police officer is entitled to qualified immunity if he relies upon or receives instructions from a fellow officer that could lead a reasonable officer to conclude that probable cause existed. Anthony v. City of New York, 339 F.3d 129, 138 (2d Cir. 2003). In qualified immunity cases where there are competing versions of events, courts usually adopt plaintiff's version of events.

In this case, based on plaintiff's version of events, Officer Ward reasonably relied on Detective Gukelberger to establish probable cause to arrest plaintiff for possession of a gravity knife. Detective Gukelberger gave Officer Ward a knife after searching plaintiff's van. SMF at ¶ 12-19. The knife which was handed to Officer Ward was a gravity knife. Id. at ¶ 20. Plaintiff cannot dispute that this was a gravity knife. Id. at ¶ 21. Once Detective Gukelberger came back with a gravity knife, any reasonable officer would have concluded that Detective Gukelberger found the gravity knife in plaintiff's van, and therefore, there was probable cause to arrest plaintiff. There are no facts which could support any inference that Officer Ward knew the gravity knife did not belong to plaintiff. Officer Ward was with plaintiff the entire time Detective Gukelberger searched, and from their vantage point, they could not see what Detective Gukelberger was doing. SMF at ¶¶ 13-14. Therefore, once Detective Gukelberger returned from his search with a gravity knife, Officer Ward had, at a minimum, arguable probable cause to arrest and is entitled to qualified immunity from that point on.[2]

---

[2] There are still issues of fact surrounding what preceded the finding of the gravity knife. Defendants allege that they stopped plaintiff for failing to make a signal before turning, whereas plaintiff alleges that he used his turn signal. Plaintiff also alleges Officer Ward handcuffed him before Detective Gukelberger came back with the gravity knife. Based on plaintiff's version of events, Officer Ward did not have probable cause to believe plaintiff committed an offense before the gravity knife was found. Therefore, plaintiff's false arrest claim would be limited to the time before Detective Gukelberger came back with the gravity knife.

## POINT III

### PLAINTIFF'S ILLEGAL SEARCH AND SEIZURE CLAIM FAILS AS A MATTER OF LAW

Plaintiff's illegal search and seizure claim[3] against Officer Ward is duplicative of plaintiff's false arrest claim and, thus, should be dismissed.

The Fourth Amendment protects "[t]he right of the people to be secure in their person, houses, papers and effects against unreasonable searches and seizures." U.S. Const. Amend. IV. But, "when an arrest is made, it is reasonable for the arresting officer to search the person arrested in order to remove any weapons that the latter might seek to use in order to resist arrest or effect his escape." Chimel v. California, 395 U.S. 752, 762-63 (1969).

Victims of unreasonable searches or seizures are entitled to recover damages under section 1983. Cabral v. City of New York, 662 F. App'x 11, 13 (2d Cir. 2016). However, the plaintiff must "prove not only that the search was unlawful, but that it caused him actual, compensable injury." John v. Lewis, No. 15-CV-5346 (PKC), 2017 U.S. Dist. LEXIS 49546, at *34 (E.D.N.Y. Mar. 31, 2017). Therefore, to recover, the plaintiff can show "damages for physical injury, property damage, injury to reputation, etc." Cabral, 662 F. App'x at 13 (quoting Townes v. City of New York, 176 F.3d 138, 148 (2d Cir. 1999)).

Here, plaintiff's illegal search and seizure claim fails because he has not alleged any specific damages resulting from the search. His damages for the illegal search of his person are the same as his damages for false arrest. Therefore, plaintiff's illegal search and seizure claim is essentially the same as his claim for false arrest. The Court should dismiss the claim as duplicative of plaintiff's false arrest claim and construe it as setting forth one claim for false

---

[3] As outlined in Part I, plaintiff's illegal search and seizure claim against Detective Gukelberger must be dismissed as untimely.

11

arrest. See Jackson v. City of New York, 29 F. Supp. 3d 161, 169 n. 8 (E.D.N.Y. 2014) (finding plaintiff's illegal search and seizure of the person and false imprisonment claims duplicative of plaintiff's false arrest claim and construing them to set forth one claim for false arrest).

### POINT IV

### PLAINTIFF'S EXCESSIVE FORCE CLAIM FAILS AS A MATTER OF LAW

Because plaintiff suffered no injuries as a result of the allegedly tight handcuffing, plaintiff's excessive force claim Officer Ward and Detective Gukelberger[4] fails as a matter of law.

A claim for excessive force in the context of a seizure is analyzed under the Fourth Amendment to determine if the use of force was objectively reasonable. See Scott v. Harris, 550 U.S. 372, 381 (2007). An officer's "application of force is excessive, in violation of the Fourth Amendment, if it is objectively unreasonable 'in light of the facts and circumstances confronting [him], without regard to [his] underlying intent or motivation.'" Maxwell v. City of New York, 380 F.3d 106, 108 (2d Cir. 2004) (quoting Graham v. Connor, 490 U.S. 386, 397 (1989)). However, "[n]ot every push or shove, even if it may later seem unnecessary in the peace of a judge's chambers, violates the Fourth Amendment." Graham v. Connor, 490 U.S. 386, 397 (1989) (quoting Johnson v. Glick, 481 F.2d 1028, 1033 (2d Cir. 1973)). Accordingly, "a de minimis use of force will rarely suffice to state a Constitutional claim." Romano v. Howarth, 998 F.2d 101, 105 (2d Cir. 1993).

Police officers are entitled to handcuff a suspect during an arrest, and while placing handcuffs on a suspect tight enough to cause nerve damage may be excessive, simply

---

[4] To the extent that the Court does not find that plaintiff's excessive force claim against Detective Gukelberger is barred by the statute of limitations, plaintiff's excessive claim fails for the reasons stated in Point II.

placing handcuffs on a suspect in an uncomfortable or painful matter does not constitute force. Esmont v. City of New York, 371 F. Supp.2d 202, 214-15 (E.D.N.Y. 2005). "[I]n evaluating the reasonableness of handcuffing, a Court is to consider evidence that: 1) the handcuffs were unreasonably tight; 2) the defendants ignored the arrestee's pleas that the handcuffs were too tight; and 3) the degree of injury to the wrists." Id. at 215.

Handcuffing that leaves wrists sore for twenty-four hours but not requiring medical treatment is not excessive force. Wilder v. Village of Amityville, 288 F. Supp. 2d 341, 344 (E.D.N.Y. 2003) ("plaintiff's allegation of sore, yet uninjured, wrists simply does not rise to the level of objective excess that reasonable police officers would consider to be unlawful conduct in an arrest situation"). Even a showing of minor injuries from handcuffs is "insufficient to constitute a Fourth Amendment claim of unreasonable force." Stefanopoulos v. City of New York, 01-CV-0771 (SJ), 2005 U.S. Dist. LEXIS 22445, at *7 (E.D.N.Y. Mar. 2, 2005).

Summary judgment is appropriate where there is no evidence of any or minor injury. See e.g., Esmont, 371 F. Supp. 2d at 215 (granting summary judgment where the plaintiff's claim of "diminished use of her left hand" was unsubstantiated by medical evidence); Drummond v. Castro, 522 F. Supp. 2d 667, 679 (S.D.N.Y. 2007) (granting summary judgment on excessive force claim, noting that "[p]laintiff fails to present any evidence apart from the tight handcuffs that would lead a reasonable juror to find that the police used excessive force" and that he did not suffer an injury from the handcuffs).

In the Amended Complaint, plaintiff alleges a boilerplate excessive force claim against Officer Ward and Detective Gukelberger based on allegedly tight handcuffs which caused "unnecessary pain and discomfort." See Amended Complaint ¶ 35. However, plaintiff has not produced any evidence which could support a claim that the handcuffing caused any

13

physical injury. In fact, in plaintiff's deposition, he denied any physical injury as a result of the handcuffing. SMF at ¶ 29. Further, there's no evidence that Officer Ward ignored plaintiff's pleas that the handcuffs were too tight because plaintiff testified that he did not say anything to Officer Ward. SMF ¶ 24. Therefore, plaintiff's excessive force claim fails as a matter of law and must be dismissed.

## CONCLUSION

Based on the foregoing, defendants respectfully request that the Court grant partial summary judgment in favor of the defendants and dismiss: (1) plaintiff's illegal search and seizure claim in its entirety; (2) plaintiff's excessive force claim in its entirety; (3) plaintiff's false arrest claim against Detective Gukelberger; and (4) plaintiff's false arrest claim against Officer Ward for anything that occurred after the gravity knife was discovered.

DATED:   New York, New York
         November 8, 2017

Respectfully submitted,

ZACHARY W. CARTER
Corporation Counsel of the City of New York
*Attorney for Defendants*
100 Church Street, Room 3-138
New York, New York 10007
(212) 356-2617
nmanning@law.nyc.gov

By: _____
    Nicholas Manningham
    *Assistant Corporation Counsel*

14