# SIVIN & MILLER, L.L.P.
Attorneys at Law
20 Vesey Street
Suite 1400
New York, New York 10007

Glenn D. Miller
Edward Sivin*
----------------
Andrew C. Weiss

*also member of NJ Bar

Phone: (212) 349-0300
Fax:    (212) 406-9462

October 25, 2019

VIA ECF

Hon. Eric N. Vitaliano
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

        Re:    Antonio Willliams v. City of New York, et. al.
                16-CV-4615 (ENV) (SMG)

Dear Judge Vitaliano:

The undersigned represents plaintiff in the above matter. I write in response to the October 23, 2019 letter of ACC Alison S. Mitchell, which seeks, purportedly on the basis of *Lanning v. City of Glen Falls*, 908 F.3d 19 (2d Cir. 2018), summary judgment on some of plaintiff's malicious prosecution claims. Plaintiff respectfully requests that the Court deny defendants' motion at the threshold for failure to comply with the Court's rules requiring (i) requesting a pre-motion conference and (ii) the time limits for any such motion, i.e., within thirty days of certification of the close of discovery. Defendants' motion, which in effect seeks reconsideration or reargument of this Court's May 30, 2019 decision and order, also is untimely pursuant to Local Rule 6.3, which requires that any such motion be made within fourteen days of entry of that order.

In the event this Court is not inclined to deny defendants' motion solely on these procedural deficits, plaintiff respectfully requests that the Court deem defendants' letter not as a motion, but instead as permission to make such a motion. In that event, plaintiff will have an opportunity to respond more substantively to defendants' arguments, in the hope that the Court will be able to dissuade defendants from making such a motion.

I would note that *Lanning* was decided before this Court's May 18, 2019 decision on defendants'

first motion for summary judgment, and that neither *Lanning* nor subsequent case law (*see, e.g., Luna v. City of New York*, 2019 U.S. Dist. LEXIS 135376 (SDNY 2019); *Thompson v. Clark*, 364 F. Supp. 3d 178 (EDNY 2019); *Blount v. City of New York*, 2019 U.S. Dist. LEXIS 34969 (EDNY 2019)), supports defendants' positon. Indeed, defendants' position is contrary to *Murphy v. Lynn*, 118 F.3d 938 (2d Cir. 1997), which has not been abrogated by *Lanning*.

Also, since defendants' earlier summary judgment motion did not seek to dismiss any of plaintiff's malicious prosecution claims, plaintiff did not previously present to the Court all of the facts relating either to the dismissal of the criminal charges against plaintiff or to defendant Gukelberger's personal involvement in the underlying prosecution. Accordingly, it is improper for defendants now to seek summary judgment on plaintiff's malicious prosecution claims merely by citing to a single paragraph of a Rule 56.1 Statement that was submitted in connection with that earlier motion.

Prior to drafting this letter, I spoke with ACC Mitchell, pointed out this Court's rules and the procedural deficiencies in defendants' motion, supplied her with the case law cited herein—none of which is referenced in defense counsel's letter—and requested that defendants either withdraw the motion altogether or, at minimum, first request permission to make the motion pursuant to the Court's rules. Ms. Mitchell declined my request.

Respectfully submitted,

Edward Sivin

ES/lo

cc: ACC Alison S. Mitchel