
| | | |
|---|---|---|
| **GEORGIA M. PESTANA**<br>*Acting Corporation Counsel* | THE CITY OF NEW YORK<br>LAW DEPARTMENT<br>100 CHURCH STREET<br>NEW YORK, NY 10007 | ALISON S. MITCHELL<br>*Senior Counsel*<br>Phone: (212) 356-3514<br>Fax: (212) 356-3509<br>amitchel@law.nyc.gov |

October 31, 2019

**BY ECF**
Honorable Eric N. Vitaliano
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

Re: <u>Antonio Williams v. City of New York, et al.</u>
16-CV-4615 (ENV) (SMG)

Your Honor:

      I am Senior Counsel in the office of Georgia M. Pestana, Acting Corporation Counsel of the City of New York, representing the City of New York, Officer Daniel Ward, and Detective Daniel Gukelberger ("Defendants") in the above referenced matter. Defendants request a pre-motion conference pursuant to Your Honor's Order dated October 25, 2019 and Rule III(A) of Your Honor's Individual Rules of Practice to supplement their prior summary judgment motion.

      As Your Honor is aware, the Court's decision and order on Defendants' Motion for Summary Judgment was filed on May 30, 2019 in this matter. Defendants did not move on Plaintiff's malicious prosecution claim in their Motion for Summary Judgment and now write to supplement their motion papers on whether plaintiff can satisfy the 'favorable termination' element of his malicious prosecution claim and whether he can satisfy Detective Gukelberger's personal involvement. Defendants respectfully request a pre-motion conference to supplement their summary judgment motion in order to move for the Court for a dismissal of plaintiff's federal malicious prosecution claim against all defendants and state law malicious prosecution claims against defendant Gukelberger.

      Under New York law, to establish a claim of malicious prosecution, a plaintiff must prove: "(1) the initiation or continuation of a criminal proceeding against plaintiff; (2) termination of the proceeding in plaintiff's favor; (3) lack of probable cause for commencing the proceeding; and (4) actual malice as a motivation for defendant's actions." <u>Murphy v. Lynn</u>, 118 F.3d 938, 947 (2d Cir. 1997). In addition to these state law elements, a malicious prosecution claim brought under § 1983 requires showing "a sufficient post-arraignment liberty restraint to implicate the plaintiff's Fourth Amendment rights." <u>Rohman v. New York City Transit Authority</u>, 215 F.3d 208, 215 (2d Cir. 2000). "[T]here must be a seizure or other 'perversion of proper legal procedures' implicating the claimant's personal liberty and privacy

interests under the Fourth Amendment." Washington v. County of Rockland, 373 F.3d 310, 316 (2d Cir. 2004) (citing Singer, 63 F.3d at 117).

**Plaintiff Cannot Sustain a Federal Malicious Prosecution Claim**

Plaintiff cannot maintain a federal claim for malicious prosecution since he cannot show that his criminal proceeding "ended in a manner that *affirmatively indicates his innocence*." Lanning v. City of Glen Falls, 908 F.3d 19, 22 (2d Cir. 2018)(emphasis added). Said another way, "[Proceedings are 'terminated in favor of the accused' only when their final disposition is such as to indicate that the accused is not guilty." Ulerio v. City of New York, 2018 U.S. Dist. LEXIS 215166 fn. 11 (S.D.N.Y. Dec. 20, 2018) (citing Lanning, 908 F.3d at 26.

Lanning clarified that while a §1983 claim for malicious prosecution must satisfy the elements of a New York state law malicious prosecution claim, the substance of such elements is defined by federal law. Lanning, 908 F.3d at 25. In this regard, "a State's tort law serves only as a source of persuasive authority rather than binding precedent in defining these elements." Id. The significance of Lanning to the instant case is its recognition that the substance of the favorable termination prong differs under New York state law and federal law, and its instruction that the federal law definition controls in a §1983 claim. Id.

To ascertain the parameters of favorable termination under federal law, the Lanning Court looked to its "seminal decision" in Singleton v. City of New York, 632 F.2d 185 (2d Cir. 1980). See Lanning, 908 F.3d at 26. The Singleton Court relied upon the Restatement (Second) of Torts which, looking to common law, announced that "[p]roceedings are 'terminated in favor of the accused' *only when their final disposition is such as to indicate the accused is not guilty*." Singleton, 632 F.2d at 193 (quoting Restatement (Second) of Torts §660 cmt. a (Am. Law Inst. 1977)) (emphasis added). Where the question of a plaintiff's guilt "was left open," the favorable termination prong is not met. Id. at 195. Addressing the question of whether a §1983 claim for malicious prosecution may stand without proof that the prosecution "terminated in some manner indicating that the person was not guilty of the offense charged," the Singleton Court answered: "We believe that such proof is essential." Id. at 194-95.

The Lanning Court observed that New York state law had begun to veer away from the common law interpretation of favorable termination in 2000. Lanning, 908 F.3d at 27 (citing Smith-Hunter v. Harvey, 95 N.Y.2d 191, (2000). The new state law standard articulated was that "any termination of a criminal prosecution, such that the criminal charges may not be brought again, qualifies as a favorable termination, so long as the circumstances surrounding the termination are not inconsistent with the innocence of the accused." Id. (quoting Cantalino v. Danner, 96 N.Y.2d 391, 395 (2001).

Here, the record demonstrates that plaintiff's criminal charges were dismissed on the basis of 30.30 grounds. See Defendants' 56.1 and Plaintiff's Response to Defendants' 56.1 at ¶ 33; See Criminal Court Certificate of Disposition. Under recent case law in this Circuit, a dismissal based speedy trial has not satisfied the requirements of Lanning for a favorable termination. In Thompson v. City of New York, No. 17 CV 3064 (DLC), the court held that "dismissal of [] case on speedy trial grounds does not affirmatively indicate [] innocence, as

required under Section 1983." 2019 U.S. Dist. LEXIS 4848, at *10 (S.D.N.Y. Jan. 10, 2019).[1] Thus, plaintiff failed to establish evidence that his criminal action "ended in a manner that *affirmatively indicates his innocence*." Lanning, 908 F.3d at 22 (emphasis added).

### **Plaintiff Cannot Sustain a State Law Malicious Prosecution Claim Against Defendant Gukelberger**

A state law malicious prosecution claim must be dismissed where individual defendants have not been personally involved in commencing or pursuing the prosecution. Luna v. City of N.Y., No. 18-CV-4636 (PAE), 2019 U.S. Dist. LEXIS 135376, *49 (S.D.N.Y. Aug. 9, 2019) ("As with the malicious prosecution claim under § 1983, the Court grants the motion to dismiss this claim against the other individual defendants, who are not alleged to have been personally involved in commencing or pursuing the prosecution.) By the same token, the Second Circuit has held that "[i]nitiation in [the context of malicious prosecution] is a term of art," involving more than merely reporting a crime and giving testimony; "it must be shown that defendant played an active role in the prosecution, such as giving advice and encouragement or importuning the authorities to act." Rohman v. New York City Transit Auth., 215 F.3d 208, 217 (2d Cir. 2000); see also Manganiello v. City of New York, 612 F.3d 149, 163 (2d Cir. 2010). "One who does no more than disclose to a prosecutor all material information within his knowledge is not deemed to be the initiator of the proceeding." Rohman, 215 F.3d at 217 (citing Present v. Avon Products, Inc., 687 N.Y.S.2d 970, 971 (1st Dep't. 1999)).

Furthermore, "[i]n malicious prosecution cases brought against police officers, plaintiffs have demonstrated that officers initiated criminal proceedings by having the plaintiff arraigned, by filling out complaining and corroborating affidavits, and by signing felony complaints." Yan v. City of New York, No. 09-CV-1435 (CBA), 2011 U.S. Dist. LEXIS 137549, at *29 (E.D.N.Y. Nov. 30, 2011) aff'd 2013 U.S. App. LEXIS 2250, at *3 (2d Cir. Feb. 1, 2013) (citations omitted). In Yan, this Court ultimately found that "Sergeant Sheridan cannot be said to have initiated the prosecution against Yan because he did not have Yan arraigned, he did not fill out a complaining or corroborating affidavit, and he did not sign a complaint." Id. at *30. Here, plaintiff's state law claim for malicious prosecution against Detective Gukelberger fails because he was not personally involved in the alleged claim of malicious prosecution; Officer Ward signed the criminal court complaint. Id. at *30; Luna, 2019 U.S. Dist. LEXIS 135376 at *49; See Defendants' 56.1 and Plaintiff's Response to Defendants' 56.1 at ¶ 31; See Criminal Court Complaint.

Accordingly, defendants respectfully request a pre-motion conference to supplement their summary judgment motion and move for the Court to dismiss plaintiff's federal malicious prosecution claim against all defendants and state law malicious prosecution claims against defendant Gukelberger. The only claims plaintiff can maintain at trial are false arrest and state law malicious prosecution against Officer Ward and state law malicious prosecution against the City of New York under a theory of *respondeat superior*.

---

[1] There is a split of authority among district courts on whether, following Lanning, a speedy trial dismissal satisfies the favorable termination. *cf.* Luna v. City of New York, No. 18-CV-4636 (PAE), 2019 U.S. Dist. LEXIS 135376 (SDNY 2019); Thompson v. Clark, 364 F. Supp. 3d 178 (EDNY 2019); Blount v. City of New York, No. 15-CV-5599 (PKC), 2019 U.S. Dist. LEXIS 34969 (EDNY 2019). However, as stated *supra*, the inquiry is whether the dismissal of case on speedy trial grounds affirmatively indicates plaintiff's innocence. Here, defendants' assert that plaintiff's speedy trial dismissal does not.

Thank you for your consideration.

Respectfully submitted,

Alison S. Mitchell
*Senior Counsel*

cc: **Via ECF**
Edward Sivin, Esq.
Sivin & Miller, LLP
40 Vesey Street, # 1400
New York, New York 10007