# SIVIN & MILLER, L.L.P.

Attorneys at Law
20 Vesey Street
Suite 1400
New York, New York 10007

**Glenn D. Miller**
**Edward Sivin***
―――――――
**Andrew C. Weiss**

*also member of NJ Bar

Phone: (212) 349-0300
Fax:   (212) 406-9462

October 31, 2019

VIA ECF

Hon. Eric N. Vitaliano
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY  11201

Re:   Antonio Willliams v. City of New York, et. al.
      16-CV-4615 (ENV) (SMG)

Dear Judge Vitaliano:

The undersigned represents plaintiff in the above matter. I write in response to the October 31, 2019 letter of ACC Alison S. Mitchell, which requests a pre-motion conference in connection with defendants' prospective motion "to supplement their prior summary judgment motion." For reasons set forth in plaintiff's October 25, 2019 "Motion to Strike Defendants' Supplemental Motion to Dismiss" (*see* Docket No. 47), and for the additional reasons set forth below, plaintiff requests that the Court deny defendants' request for a pre-motion conference or to file a "supplemental" motion.

Plaintiff has been unable to identify any rule or case law authorizing a party to "supplement" a motion already decided. Defendants' prospective motion actually seeks "reconsideration" of this Court's May 18, 2019 decision and order. Under Local Rule 6.3, such a motion was required to have been made within fourteen days of entry of that decision and order. The *Lanning* decision does not excuse defendants' delay in moving for reconsideration, since *Lanning* was decided six months before this Court's decision and order.

Defendants' other stated basis for their motion for reconsideration, that defendant Gukelberger was not personally involved in plaintiff's prosecution, should have been raised in defendants' initial motion. There has been no relevant change in the law regarding "personal involvement" since this Court's May 18, 2019 decision and order. Indeed, all of the law regarding "personal involvement" cited in defendants' October 31, 2019 letter precedes even the filing of defendants' earlier motion.

Finally, entertaining defendants "supplemental" motion at this late date would prejudice plaintiff by delaying the trial of his case. On August 1, 2019, following a conference with all parties before Magistrate Judge Steven M. Gold, an order was issued directing that the Joint Pre-Trial Order be submitted no later than November 15, 2019. (*see* Docket No. 44). No issue was raised at that time by defendants regarding the possibility of any further motions. Pursuant to Magistrate Gold's order, on October 23, 2019 plaintiff submitted to defendants his proposed JPTO and trial exhibits. Two days later, defendants filed their supplemental motion to dismiss.

Thank you for your attention to this matter.

Respectfully submitted,

Edward Sivin

ES/lo

cc: ACC Alison S. Mitchel (via ECF)